CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
08/23/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

ROBERT U. PAULEY, JR.,

       Plaintiff

v.

SYNCHRONY BANK,

       Defendant.

Civil Action No. 6:18CV00077
(Removed from Bedford County General District Court, No. GV18001577-00)

## NOTICE OF REMOVAL

Defendant Synchrony Bank, ("Synchrony"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action known as *Robert U. Pauley, Jr. v. Synchrony Bank*, Case No. GV18001577-00, from the General District Court of Bedford County, Virginia, to the United States District Court for the Western District of Virginia, Lynchburg Division, and in support thereof states as follows.

1. On or about July 25, 2018, Plaintiff Robert U. Pauley, Jr. ("Plaintiff" or "Pauley") filed a Warrant in Debt (the "Warrant") in the General District Court of Bedford County, Virginia (the "State Court"). *See generally*, the Warrant attached hereto along with the court file as Exhibit 1.

2. On July 24, 2018, Synchrony received a copy of the Warrant. *See Id*.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**GROUNDS FOR REMOVAL**

**I.      Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

4. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

5. Removal of such cases is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Here, Plaintiff's Warrant purports to assert a claim against Synchrony for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and also for claims of Breach of Contract and Defamation. *See* Warrant.

7. Plaintiff's Warrant alleges violations of a federal statute—the FCRA—and consequently "arises under" the laws of the United States. *See* 28 U.S.C. § 1331; *Edwards v. Bank of New York Mellon*, 2014 WL 5594876, at *9-10 (E.D. Va. Oct. 31, 2014); *Cook v. Unisys Federal Government Group*, 2015 WL 5690928, at *3 (W.D. Va. Sept. 3, 2015).

8. Plaintiff also alleges breach of contract and defamation claims in the Warrant. To the extent that those claims or any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

9. Therefore, this Court has federal-question jurisdiction over Plaintiff's Warrant.

**II.     Synchrony Has Satisfied The Procedural Requirements For Removal.**

1. Synchrony received a copy of the Warrant on July 24, 2018. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its

Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

2. This Court is the proper division because it embraces Bedford County, Virginia, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

3. No previous request has been made for the relief requested herein.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as Exhibit 2.

5. Synchrony is the only Defendant in this case that has been lawfully joined and served.

6. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Synchrony Bank, by counsel, respectfully notices the removal of the above-referenced action, originally filed in the General District Court for Bedford County, Virginia, to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

SYNCHRONY BANK

By Counsel

/s/ Robert M. Luck III
Robert M. Luck III
Virginia Bar Number: 78763
Attorney for Synchrony Bank
REED SMITH LLP
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 344-3400
Fax: (804) 344-3410
rluck@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2018, a true and correct copy of the foregoing was electronically filed through CM/ECF and served by U.S. Mail on:

    Robert U. Pauley, Jr., Esq.
    302 Enterprise Drive
    Forest, VA 24551
    (434) 385-5955

    /s/ Robert M. Luck III
    Robert M. Luck III
    Virginia Bar Number: 78763
    Attorney for Synchrony Bank
    REED SMITH LLP
    901 East Byrd Street, Suite 1700
    Richmond, Virginia 23219
    Telephone: (804) 344-3400
    Fax: (804) 344-3410
    rluck@reedsmith.com